# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TARONE M. JONES,**

    **Plaintiff,**

v.                                         Civil Action No. 1:14cv92
                                                 (Judge Keeley)

**UNITED STATES OF AMERICA,**
**JAMES CROSS, Warden,**
**JOHN CROGAN, Associate Warden,**
**JOE COAKLEY, Associate Warden,**
**HAROLD BOYLES, Health Service Administrator,**
**M. WEAVER, Assistant Health Service Administrator,**
**TONYA BROWN-STOBBE, Health Service Care Provider,**
**WALTER DOBUSHAK, Health Service Care Provider,**
**RICHARD MILTON, Unit Manager,**
**DAVID SWEENEY, Unit Manager,**
**LAURA HOLCOMB, Unit Case Manager,**
**JASON DICKSON, Unit Counselor,**
**JANE and JOHN DOES,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On June 2, 2014, Plaintiff, Tarone Jones ("Plaintiff"), filed a pleading which was styled: "A Refiling of Bivens and FTCA Claims." ECF No. 1. On that same date, the Clerk of Court sent Plaintiff a Notice of Deficient Pleading and enclosed this Court's form complaints for filing a Federal Tort Claim Act ("FTCA"). ECF No. 2. On June 18, 2014, the Clerk of Court sent an Amended Notice of Deficient Pleading and enclosed this Court's form complaints for filing a <u>Bivens</u> action and a FTCA. On July 21, 2015, Plaintiff filed the form complaints. ECF Nos. 12 & 13. On August 26, 2014, Plaintiff was granted leave to proceed *in forma pauperis* and was directed to pay an initial partial filing fee of $7.03. On September 7, 2015, Plaintiff paid the initial partial filing fee. ECF. No. 24. The undersigned now issues this Report and Recommendation ("R&R") which

includes an analysis of Plaintiff's "Notice to Court and Status Request" dated November 6, 2015. ECF No. 34.[1]

## I. History of the Case

By way of background, on July 28, 2011, Plaintiff initiated a complaint with this Court alleging deliberate indifference regarding his medical care at USP Hazelton between March 2009, and June 2011, and also raising a claim of negligence.[2] The complaint was served, and on August 10, 2012, Defendants filed a joint Motion to Dismiss or, in the alternative, Motion for Summary Judgment. On December 18, 2012, Magistrate Judge John Kaull issued a Report and Recommendation which determined that Plaintiff's Bivens claims must be dismissed with prejudice because his allegations, as well as the medical evidence of record, did not support his claim of deliberate indifference. In addition, Magistrate Kaull determined that Plaintiff's FTCA claims must be dismissed without prejudice because he failed to comply with the statutory prerequisites for filing a medical negligence action under West Virginia law. Plaintiff filed objections to the R&R on January 7, 2013. The Court undertook a *de novo* review of the issues and concluded that the objections were without merit. Accordingly, on March 12, 2013, the Court entered an Order adopting the R&R, granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment, dismissing Plaintiff's Bivens claim with prejudice and his FTCA claim without prejudice. In a *per curiam* opinion, the Fourth Circuit affirmed this Court's decision on June 26, 2013. ECF No. 98.

## II. The Complaints

---

[1] Said pleading was filed as a "Motion to Add Defendants."

[2] See 1:11cv115-IMK-JSK. More specifically, Plaintiff filed two complaints in the same action, a Bivens and a FTCA.

2

In his pending Bivens complaint Plaintiff has filed the identical complaint that he filed in 2011. Likewise, in his pending FTCA, Plaintiff has filed the identical complaint he filed in 2011. Moreover, the Bivens complaint and the FTCA complaint are nearly identical to one another and include duplicate attachments.

Plaintiff is a federal inmate, currently incarcerated at FCI Otisville, which is located in Otisville, New York. However, his claims surround the period from March 2009 through July 2011, and concern his medical care at USP Hazelton. Plaintiff alleges that during this time he suffered from a serious medical condition, namely a rectal prolapse. In support of his Bivens complaint, Plaintiff alleges that Defendants "failed to provide [him] adequate medical care and attention, failed to adopt rules, standards customs and policies, delayed and denyed [sic] [him] adequate medical need, attention and care for months on different occasions." ECF No. 13 at 34. In support of his FTCA, Plaintiff alleges that he suffered a personal injury as the result of "the malpractice acts of U.S.P. Hazelton's employees of the Federal Government to [his] serious need while acting within the scope of their office of employment." ECF No. 12 at 43.

In both complaints, Plaintiff seeks $50 million dollars compensation from Defendants in their official capacity. In addition, he seeks $10 million dollars in compensatory damages from each of the Defendants in their individual capacities.

### III. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the Plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## IV.   Analysis

### A. Bivens Res Judicata

Res judicata bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. See Brown v. Felson, 442 U.S. 127, 131 (1979) ("Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes"), and Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991) ("The preclusive effect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"). The elements required for res judicata to

---

[3] Id. at 327.

apply are "(1) a judgment on the merits in a prior suit resolving (2) claims by the parties or their privies, and (3) a subsequent suit based on the same cause of action." Coyne v. Delaney Co. V. Selman, 98 F.3d 1457, 1473 (4th Cir. 1996).

In the instant case it is clear that res judicata bars Plaintiff's Bivens complaint. The claims raised in his current complaint are identical to those filed in 2011. Defendants' Motion for Summary Judgment was granted, and Plaintiff's complaint was dismissed with prejudice. Moreover, on appeal, the Fourth Circuit affirmed this decision.[4] Accordingly, Plaintiff cannot attempt to re-litigate his allegations regarding deliberate indifference to his medical care at U.S.P Hazelton, and his current Bivens action should be dismissed as frivolous as he has no chance of success.

## B. FTCA Statute of Limitations

It is well-established that the United States is immune from suit unless it consents to be sued. See United States v. Testan, 424 U.S. 392 (1976). However, the FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). Specifically, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Nonetheless, the FCTA only waives the government's sovereign immunity if certain terms and conditions are met. Honda v. Clark, 386 U.S. 484 (1967). One of those conditions is that an FTCA action be filed within two years of the incident or within six months of the final claim denial. 28 U.S.C. § 2401(b). Title 28 U.S.C. § 2401(b) specifically states:

> A tort claim against the United States shall be forever barred unless

---

[4]See 531 Fed. Appx. 306 (4th Cir. Jun. 26, 2013).

> it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun *within six months after the date of mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Here, Plaintiff's presented his claim to the appropriate agency on July 27, 2010, within two years from the date of the events complained of at U.S.P Hazelton. ECF No. 12 at 20. Plaintiff's administrative claim was denied on April 6, 2011. Id. at 29. Six months from the date of final denial was October 6, 2011. Plaintiff did not initiate the instant action until June 2, 2014. Therefore, the plaintiff's claim is clearly time-barred.[5]

The undersigned recognizes that the United States Supreme Court recently has held that the FTCA's statute of limitations is a procedural, not jurisdictional bar. United States v. Kwai Fun Wong, 135 S.Ct. 1625, 1627 (2015). Accordingly, equitable tolling is applicable to FTCA's statute of limitation. However, equitable tolling in suits against the United States is only available in exceptional circumstances. See Muth v. United States, 1 F.3d 246, 251 (4th Cir. 1993). More specifically, the Fourth Circuit has stated that equitable tolling principles are appropriate only "where the defendant has wrongfully deceived or mislead the plaintiff in order to conceal the existence of a cause of action. " Kokotis v. United States Postal Service, 223 F.3d 275, 280–81 (4th Cir. 2000) (quoting English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987)).

Here, the agency clearly informed Plaintiff that he had six months from the date of denial to file suit in federal court. Plaintiff was not mislead by the agency, nor did the agency make any misrepresentations. In fact, Plaintiff filed a timely FTCA in 2011, which was dismissed because

---

[5]Conversely, Plaintiff's first FTCA, which was filed on July 28, 2011 was timely.

Plaintiff failed to comply with the requirements of West Virginia law. As discussed more fully below, Plaintiff has again failed to comply, and accordingly, he has made no showing which comports with a finding of equitable tolling. Therefore, Plaintiff's FTCA complaint should be dismissed as untimely.

**C. FTCA State Compliance**

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. <u>Dalehite v. United States</u>, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

The Supreme Court has held that "a person can sue under the Federal Tort Claims Act to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." <u>United States v. Muniz</u>, 374 U.S. 150 (1963). However, the FTCA does not create a new cause of action. <u>Medina v. United States.</u> 259 F.3d 220, 223 (4th Cir. 2001). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." <u>Id.</u>

Under West Virginia law, certain requirements must be met before a health care provider may be sued. W.Va. Code §55-7B-6. This section provides in pertinent part:

> **§ 55-7B-6. Prerequisites for filing an action against**
> **a health care provider; procedures; sanctions**

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.
>
> (c) Notwithstanding any provision of this code, if a claimant or his counsel believe that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel shall file a statement specifically setting for the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

Here, Plaintiff has filed neither a screening certificate nor a statement specifically setting forth the basis of the alleged liability of the healthcare providers. Rather, Plaintiff appears to argue

that his medical conditions are within the understanding of lay jurors by a resort to common knowledge and experience, and therefore, he may be excused from filing a screening certificate of merit.

The undersigned recognizes that in limited circumstances a screening certificate is unnecessary. For instance, in Johnson v. United States, 394 F.Supp. 2d 854 (S.D.W. Va. 2005), Judge Chambers determined that the plaintiff's statement in his administrative grievance, that his doctor had "implanted the too large Prosthesis backward causing diminished blood flow and subsequent Necrosis and infection," set forth a well-established theory of liability sufficient to alert the defendant about the precise nature of his claim, and thus met the requirements of § 55-7B-6(c).

Johnson, however, is a rare exception to the "general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses." See Banfi v. Am. Hosp. For Rehab, 529 S.E.2d 600, (W.Va. 2000). A court shall require expert testimony except where the "lack of care or want of skill is so gross, so as to be apparent, or the alleged breach relates to noncomplex matters of diagnosis by resort to common knowledge and experience." Id. Unlike the facts in Johnson, those presented in this complaint do not preset "noncomplex matters of diagnosis and treatment within the understanding of lay jurors by resort to common knowledge and experience." Nor, does Plaintiff present facts that establish a "lack of care or want of skill that is so gross as to be apparent." Accordingly, Plaintiff is not excused from filing a certificate of merit, and his FTCA must be dismissed. See O'Neil v. United States, No. 5:07cv258, 2008 WL 906470, at *5 (S.D.W.Va. Mar. 31, 2008) (finding that the plaintiff was not excused from filing a certificate of merit because the treatment and diagnosis of Graves disease, hyperthyroidism, congestive heart failure, and cardiomyopathy are not within the understanding of lay jurors by resort to common

knowledge and experience). See also Morerell v. United States, No. 5:05cv171, 2007 U.S. Dist. LEXIS 27286 (N.D.W. Va. Apr. 12, 2007)(Stamp. J.) (finding that the plaintiff was not excused from filing a certificate of merit because he had not established the applicable standard of care for the treatment of a knee injury).

In the instant manner, even if Plaintiff believed he fell within the exception of W.Va. Code § 55-7B-6(c), he failed to file a "statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit." Thus, he failed to comply with the statutory requirements of either W.Va. Code § 55-7B-6(b) or (c). In addition, Plaintiff's speculative arguments not withstanding, it is clear that this case is not an exception to "the general rule in medical malpractice cases [that] negligence or want of professional skill can be proved only by expert witnesses." Banfi v. Am. Hosp. For Rehab., 529 S.E.2d 600, 605 (W.Va. 2000). As Plaintiff was previously advised by this Court, he must "prove the appropriate standard of care for a rectal prolapse, deviation from that standard, and causation, all of which are plainly outside the common knowledge of lay jurors." [6] Accordingly, because Plaintiff again has failed to satisfy the requirement of W.Va. Code § 55-7B-6(b), his FTCA is due to be dismissed because he has failed to establish any basis for equitable tolling of the statute of limitations.

The undersigned notes that Plaintiff filed a "Notice to the Court and Status Request" on November 6, 2015. In it, Plaintiff indicates that he was told by his outside treating physician, Dr. Kaye, that his previous outside physician, Dr. Wolen, took out his rectum during his surgery in December of 2009. Plaintiff maintains that Dr. Kaye told him that there was no need to remove the rectum due to his bleeding rectal prolapse and large internal hemorrhoids. Plaintiff further maintains

---

[6]See Jones v. USA, et al., 1:11 cv115, ECF No. 89 at 11.

10

that Dr. Kaye also told him that after the rectum was taken out, Dr. Wolen stapled the intestines too tight together and that is causing the stool to pass through a very narrow and tiny passage way that makes it painfully hard to use the bathroom. ECF No. 34 at 1. In addition, it appears that Plaintiff alleges that Dr. Kaye has recommended surgery on a number of occasions, but due to the deliberate indifference on the part of unspecified individuals, he is still in pain and suffering from bleeding from the rectum, with itching and burning all day and night. Plaintiff then notes that he needs help filing a Motion to add Defendants and a Motion to Call Expert Witnesses.

Although Plaintiff does not specify what defendants he wishes to add, the undersigned can only conclude that he wishes to add Dr. Wolen and BOP employees at his current place of incarceration, FCI Otisville.

For a district court to assert personal jurisdiction over a nonresident defendant[7], two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a).[8]

---

[7]Plaintiff has not suppled the names and addresses of any BOP employee at FCI Otisville. However, given that said facility is located in Orange County in the Southern District of New York, it seems reasonable to assume that no employee of that facility could reside in West Virginia.

[8]This section provides as follows:
(a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of the subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the

The Southern District of West Virginia has succinctly stated as follows regarding personal jurisdiction:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary...to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry. In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997).
>
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interest here would not "Offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state."Hanson v. Denckla, 357 U.S. 235, 253, 78 S,Ct. 1228, 2 L.Ed.2d

---

engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;
(3) Causing tortious injury by an act or omission in this state;
(4)Causing tortious injury outside this state if he or she regularly does or solicits business, or engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state; Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Having an interest in, using or possessing real property in this state; or
(7)Contracting to insure any person, property or risk located within this state at the time of contracting.

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivision (1) through (7), subsection (a) of this section may be asserted against him or her.

1283 (1958)see also In re Celotex, 124 F.3d at 628 (the minimum contacts must be
"purposeful"). This occurs where the contacts "proximately result from actions by
the defendant himself that create a 'substantial connection' with the forum state,"
Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed..2d 528
(1985)(emphasis in original), or where the defendant's efforts are "purposefully directed"
at the state. Id. at 476, 105 S.Ct. 2174.

Vass v. Volva Trucks North America, Inc., 304 F. Supp.2d 851, 854 (S.D. W.Va. 2004).

With regard to the actions of any employees of FCI Otisville, Plaintiff has failed to assert any contact by them with the State of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. Thus, based on the information contained in the "Motion," the Court could not exercise personal jurisdiction over these individuals as any action that took place appears not to have occurred anywhere in West Virginia, and there is no indication that these defendants had any contact with the State of West Virginia. Accordingly, Plaintiff's pleading, to the extent it seeks to add as defendants employees of FCI Otisville must be denied.

Conversely, Dr. Wolen was employed at Monongalia Hospital on December 30, 2009, when he performed surgery on Plaintiff. Specifically, the surgical procedure was: 1) Laparoscopic, low anterior colon resection; 2) Laparoscopic mobilization of splenic flexure.[9] Based on Plaintiff's assertions as to what he was told by his current outside physician, it appears that Plaintiff is alleging that Dr. Wolen was negligent in performing the surgery.

To the extent that the Plaintiff can bring a FTCA claim against Dr. Wolen[10], he must first

---

[9]Dr. Wolen's Operative Report is contained in Plaintiff's 2011 civil file. See 1:11cv115, ECF No. 65-3 at 24–26.

[10]"The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting

exhaust his administrative tort claim. A plaintiff is prohibited from bringing claims against the United States under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). In order to properly present a tort claim to an administrative agency, a plaintiff must file an administrative claim that provides: (1) written notice of the tort claim sufficient to enable the appropriate agency to investigate; and (2) a sum certain as to the value of the claim. Although the Plaintiff filed an administrative tort claim on April 22, 2010, on the required Standard Form 95, nothing in that claim can be deemed as an allegation implementing Dr. Wolen in his claim regarding medical care at USP Hazelton.[11]  Accordingly, as yet, the Plaintiff has not provided the Bureau of Prisons with any notice of alleged negligence on the part of Dr. Wolen.  Therefore, this Court has no jurisdiction to consider his claim in that regard.

### V.    Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Bivens complaint [ECF No.13]  be **DISMISSED WITH PREJUDICE** pursuant to  res judicata and his FTCA complaint [ECF No. 12] be **DISMISSED WITH PREJUDICE** because Plaintiff's claim is

---

within the scope of their employment." United States v, Orleans, 425 U.S. 807, 813 (1976); See 28 U.S..C. § 1346(b). Employees of the Government, by statute, include "officers or employees of any federal agency," but the term "federal agency" excludes "any contractor with the United States." 28 U.S.C. § 2671.  Therefore, "[t]he FTCA does not authorize suits based on the acts of independent contractors or their employees." Curry v. United States, 97 F.3d 412, 414 (10th Cir. 1996) (citing Orleans, 425 U.S. at 814; Logue v. United States, 412 U.S. 521, 527 (1973)). Therefore, the ability to file a FTCA claim against Dr. Wholen hinges on whether he is a federal employee or an independent contractor. Because the undersigned has concluded that the Plaintiff has not exhausted an administrative tort claim regarding Dr. Wholen, no further analysis has been conducted.

[11]Given that the Plaintiff alleges he only learned of Dr. Wholen's "alleged negligence" in April of 2015, it would have been impossible for him to have asserted an administrative tort claim against him prior to that date.

14

now barred by the statute of limitations. In addition, the undersigned **RECOMMENDS** that the Plaintiff's pending Motion to Add Defendants [ECF No. 34] be **DENIED without Prejudice** to his right to file a <u>Bivens</u> action in the Court having jurisdiction over FCI Otisville and his right to assert a FTCA claim against Dr. Wolen after first exhausting his administrative tort claim. In making this recommendation, the undersigned is not expressing any opinion as to the merits of any such action. Finally, to the extent that the Plaintiff's pending Motion seeks to call expert witnesses or engage in discovery, the same should be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985) <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the Plaintiff via certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 9, 2016

          */s Michael John Aloi*
          MICHAEL JOHN ALOI

UNITED STATES MAGISTRATE JUDGE