IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TARONE M. JONES

    Petitioner,

v.     //    CIVIL ACTION NO. 1:14CV92
    (Judge Keeley)

UNITED STATES OF AMERICA,
JAMES CROSS, Warden,
JOHN CROGAN, Associate Warden,
JOE COAKLEY, Associate Warden,
HAROLD BOYLES, Health Service Administrator,
M. WEAVER, Assistant Health Service Administrator,
TONYA BROWN-STOBBE, Health Service Care Provider,
WALTER DOBUSHAK, Health Service Care Provider,
RICHARD MILTON, Unit Manager,
DAVID SWEENEY, Unit Manager,
LAURA HOLCOMB, Unit Case Manager,
JASON DICKSON, Unit Counselor,
JANE and JOHN DOES,

    Respondents.

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 43]**

On November 25, 2014, the pro se petitioner, Tarone M. Jones ("Jones"), filed a Bivens complaint, together with a Federal Tort Claims Act ("FTCA") complaint (dkt. no. 1).[1] He subsequently resubmitted the two complaints on separate court approved forms supplied by the Clerk's office (dkt. nos. 12 (FTCA claim) and 13 (Bivens claim)). The Court referred the matter to United States

---

[1] Jones's complaints mirror virtually identical complaints filed in 2011. After review of Jones's 2011 complaints, the Court dismissed his Bivens claim with prejudice and his FTCA claim without prejudice. The Fourth Circuit Court of Appeals affirmed the Court's decision in a per curiam opinion on June 26, 2013. See Civil Action No. 1:11cv115, dkt. no. 98.

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 43]**

Magistrate Judge Michael J. Aloi for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

On March 9, 2016, Magistrate Judge Aloi issued his R&R (dkt. no. 43), in which he recommended that the Court:

1. dismiss with prejudice Jones's <u>Bivens</u> action (dkt. no. 13) based on <u>res judicata</u>;
2. dismiss with prejudice Jones's FTCA claim (dkt. no. 12) as barred by the statute of limitations;
3. deny Jones's motion to add defendants (dkt. no. 34)[2]; and
4. deny as moot Jones motion (dkt. no. 34), insofar as it moves to call expert witnesses or engage in discovery.

On March 28, 2016, Jones filed his "Objections to the Racialized and Prejudice [sic] R&R" (dkt. no. 45), in which he interposes a blanket objection to the "entire report and recommendation" (dkt no. 45 at 1).

---

[2]On May 31, 2016, the Court reviewed Jones's "Notice to the Court and Status Request," which the Clerk entered as a motion to add defendants and to call expert witnesses (dkt. no. 34), which Magistrate Judge Aloi's R&R addresses as such. Nevertheless, following its review of the notice, the Court construed it as a fourth motion to appoint counsel and denied it by Order dated May 31, 2016 (dkt. no. 47). Consequently, any discussion of it in the R&R is rendered moot and no further discussion of it is warranted here.

## II. STANDARD

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete V Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson, 605 F. Supp.2d at 749 (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the District Court. Id. (citing Howard's Yellow Cabs, 987 F.Supp. at 474); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009).

### III. DISCUSSION

Jones asserts a generalized blanket objection to the R&R. In addition, he spends the majority of his one page objection contending that the R&R is racially biased and prejudiced, that he has no legal expertise, and that the Court is simply biased against him. Jones's objection fails to refer to any specific error of the magistrate judge, is instead general and conclusory, and thus does not warrant de novo review by this Court. McPherson, 605 F.Supp.2d at 749. His filing is effectively a non-objection.[3]

### III. CONCLUSION

Consequently, finding no clear error, the Court:

- **ADOPTS** the Report and Recommendation in its entirety, with the exception of any discussion relating to docket entry 34;

- **DISMISSES WITH PREJUDICE** Jones's Bivens complaint (dkt. no. 13);

- **DISMISSES WITH PREJUDICE** Jones's FTCA complaint (dkt. no. 12); and

---

[3]The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

- **ORDERS** that this case be stricken from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 1, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE